# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 16-0124** (Roane County 15-F-82)

**Gidget M. Brown,**
**Defendant Below, Petitioner**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gidget M. Brown, by counsel Erica Brannon Gunn, appeals the Circuit Court of Roane County's January 8, 2016, order sentencing her to prison for a cumulative term of incarceration of twelve months for two misdemeanor counts of possession of a controlled substance, in violation of West Virginia Code 60A-4-401(c). The State of West Virginia, by counsel Benjamin Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that her sentence was excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, a Roane County grand jury indicted petitioner on two felony counts of possession with the intent to deliver a controlled substance, in violation of West Virginia Code § 60A-4-401, and two counts of conspiracy to commit a felony, in violation of West Virginia Code § 61-10-31. In November of 2015, petitioner pled guilty to two misdemeanor counts of possession of a controlled substance. As part of the plea agreement, the State dismissed the remaining charges. Thereafter, the circuit court sentenced petitioner to six months of incarceration for each count, to be served consecutively. However, petitioner's sentence was suspended in lieu of twelve months of home incarceration. This appeal followed.

On appeal, petitioner argues that her sentence was excessive in that she should have been released because she already served approximately 162 days on home incarceration. We disagree. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Moreover, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

1

To begin, we note that the statute under which petitioner was sentenced for misdemeanor possession of a controlled substance, West Virginia Code § 60A-4-401(c), provides for an upper limit of incarceration of six months. Petitioner's sentences of incarceration of six months for each count of possession are in accordance with the applicable statute. As such, petitioner's sentences for these crimes are not reviewable. Furthermore, pursuant to West Virginia Code § 61-11-21, sentences for two or more convictions shall be consecutive unless the sentencing court orders them to run concurrently. Accordingly, it was within the Circuit Court of Roane County's discretion to run petitioner's sentences consecutively to each other. Finally, petitioner made no claims and offered no evidence to establish that her sentence was based upon any impermissible factors.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II